UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


ROBERT L. DAVIS,

      Plaintiff,

v.                                                         Case No. 3:22cv9583-MCR-HTC

UNITED STATES,

      Defendant.

_____/

ORDER AND
REPORT AND RECOMMENDATION

Plaintiff Robert L. Davis, a prolific filer and a 3-striker, initiated this action

by filing a handwritten document entitled "Constitutional Challenge to AEDPA Act

of 1996." ECF Doc. 1. Plaintiff claims he is bringing the action under Federal Rule

of Civil Procedure 5.1. *Id*. Plaintiff did not pay the filing fee and, instead, filed a

motion to proceed *in forma pauperis*. ECF Doc. 2. Upon consideration, the motion

is DENIED and the undersigned recommends the case be DISMISSED.

## I.    DISCUSSION

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who has filed

at least three (3) cases which have been dismissed for failure to state a claim or as

frivolous or malicious may not proceed *in forma pauperis*, absent a showing of

imminent danger.  Specifically, 28 U.S.C. § 1915(g), commonly referred to as the "three strikes" provision, provides:

> In no event shall a prisoner [proceed *in forma pauperis* in a civil action] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The term "a civil action"—is not defined in the statute.  *See United States v. Wade*, 291 F. Supp. 2d 1314, 1317 (M.D. Fla. 2003).  When interpreting this term, the court is to apply its plain meaning.  *See Byrd v. Shannon*, 715 F.3d 117, 123-24 (3d Cir. 2013) (phrase "action or appeal" in § 1915(g) is interpreted with plain meaning of those terms).  This action qualifies as a civil action. *See Wade*, 291 F. Supp. 2d at 1317 (Applying strikes rule to proceedings under Rule 41(g) to recover property seized pursuant to a warrant).

The Court determined Plaintiff was a 3-striker as early as 2010.  *See Davis v. McNeil*, 4:10-cv-150-MP/WCS (ECF No. 5) (N.D. Fla. May 4, 2010), (dismissing action under § 1915(g)), *report and recommendation adopted*, 4:10-cv-150-MP/WCS (ECF Doc. 6) (N.D. Fla. Aug. 25, 2010).  And, as recently as December 2021, Chief Magistrate Judge Frank commented that Plaintiff, recognizing he is a 3-striker, filed a complaint entitled "Plaintiff Is Under Imminent Danger Of Serious Physical Injury." *See Davis v. Moody*, *infra*.  In fact, the Court has dismissed several

actions brought by Plaintiff under § 1915(g) for failure to pay the full filing fee over the years, including the following:

- *Davis v. Patronis*, No. 4:21-cv-348-MW/MJF (ECF No. 9) (N.D. Fla. Aug. 27, 2021 (listing two civil actions Davis filed in this District that were dismissed under 28 U.S.C. § 1915(g); also identifying three actions Davis filed in the United States District Court for the Middle District of Florida, and one appeal Davis filed in the United States Court of Appeals for the Eleventh Circuit, that constitute strikes under § 1915(g)), *report and recommendation adopted*, 4:21cv-348-MW/MJF (ECF Doc. 14) (N.D. Fla. Nov. 29, 2021);

- *Davis v. Crews*, No. 4:13-cv-191-MW-CAS (ECF Doc. 4) (N.D. Fla. Apr. 12, 2013) (listing two additional actions and one appeal Davis filed that constitute strikes under § 1915(g)), *report and recommendation adopted*, 4:13-cv-191-MW-CAS (ECF No. 6) (N.D. Fla. May 1, 2013);

- *Davis v. Moody*, No. 5:21-cv-228-TKW/MJF (ECF Doc. 4) (N.D. Fla. Dec. 7, 2021) (recommending dismissal under 28 U.S.C. § 1915(g)), *report and recommendation adopted*, 5:21-cv-228-TKW/MJF (ECF Doc. 8) (N.D. Fla. Jan. 13, 2022).

A prisoner who is barred from proceeding *in forma pauperis* under § 1915(g) must pay the filing fee at the time he files suit. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that, after three (3) meritless suits, a

prisoner must pay the full filing fee at the time he initiates suit). As stated above, the only exception is if the prisoner demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004). Plaintiff, however, cannot make such a showing because Plaintiff brings this action simply to attack the constitutionality of the AEDPA. *See Johnson v. Marshall*, 2009 WL 4827383, *1 (M.D. Ala. Dec. 10, 2009) (finding it "clear" that plaintiff who challenged the constitutionality of a jail policy did not meet the imminent danger exception). Thus, Plaintiff's motion to proceed *in forma pauperis* is denied and, because Plaintiff did not pay the full filing fee when he brought this action, this Court should dismiss this action. *See Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002) (holding "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit").

Also, the undersigned finds allowing Plaintiff an opportunity to pay the filing fee prior to dismissal would be futile. As stated above, Plaintiff contends he is bringing this action under Federal Rule 5.1.[1] Rule 5.1, however, is "merely a

---

[1] "A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly:
    (1) file a notice of constitutional question stating the question and identifying the paper that raises it, if:

procedural mechanism whereby the court must inform the Attorney General and provide the United States the option to intervene in the event that a party to *an existing* lawsuit makes a constitutional challenge and the United States is not a party to that suit." *Woods v. Sec'y, Dep't of Corr.*, No. 6:17-cv-02126-GKS-TBS, Doc. 5 (M.D. Fla. Jan. 12, 2018). It does not "create a separate cause of action or basis for relief." *Woods v. Fla.*, 4:20-CV-177-MW-MJF, 2020 WL 2497993, *1 (N.D. Fla. Apr. 14, 2020), *report and recommendation adopted*, 4:20CV177-MW/MJF, 2020 WL 2496030 (N.D. Fla. May 14, 2020). Thus, even if Plaintiff were allowed an opportunity to remit the full filing fee, Plaintiff's suit would nonetheless be subject to dismissal for failure to state a claim. *Id.* at *1 (dismissing action brought under Rule 5.1 for failure to state a claim); *Woods*, No. 6:17-cv-02126-GKS-TBS, Doc. 5 (same).

    Accordingly, it is ORDERED:

    Plaintiff's motion to proceed *in forma pauperis*, ECF Doc. 2, is DENIED.

---

    (A) a federal statute is questioned and the parties do not include the United States, one of its agencies, or one of its officers or employees in an official capacity; or
    (B) a state statute is questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity; and
(2) serve the notice and paper on the Attorney General of the United States if a federal statute is questioned--or on the state attorney general if a state statute is questioned--either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.
Fed. R. Civ. P. 5.1.

It is also respectfully RECOMMENDED:

1.     This case be DISMISSED WITHOUT PREJUDICE as malicious and an abuse of the judicial process because Plaintiff is a three-striker under 28 U.S.C. § 1915(g) and is not under imminent danger of serious injury.

2.      The clerk be directed to close this file.

At Pensacola, Florida, this 20th day of July, 2022.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.